# Creighton *vs.* Gordon.

### *Error to Louisa.*

Notes made payable to bearer, are transferable by mere delivery, and where the declaration set out that such note was " duly assigned and delivered, " it was held to be no variance that the note was not *endorsed.*

Where an assignment was valid at the time it was made, the transaction will not be effected by a subsequent statute, prescribing a different mode of assignment, although such statute was passed prior to the institution of the suit.

The legislature may prescribe the form of instituting suits, and may direct the act to take effect in relation to notes previously executed, provided suits thereon be subssquently instituted.

Notes made payable to " bearer " are negotiable, independent of statute.

The act of 1839 in relation to promissory notes, is an enlarging statute, merely rendering those notes, bonds, &c., negotiable, which before were not so.

This action was brought upon a note made payable to John Millard, or bearer, dated Dec. 29, 1837, at which time the law of Michigan, in relation to promissory notes, and which is similar to the English statute, was in force here. In 1839, a law was passed by the legislature of Iowa, declaring that all promissory notes, bonds, &c., made payable to any person, &c., should be assignable *by an endorsement thereon.*—— The declaration set forth, that the note was " duly assigned and delivered, " but the note offered in evidence had no endorsement upon it.

The assignment of errors set forth,

1. That the declaration sets out the said note to be *assigned and delivered,* whereas there was no assignment on the note produced and read in evidence.

2. The suit is instituted in the name of James Gordon, as assignee, whereas he does not appear to have any legal title or right to said note.

3. Said note is not assigned to said Gordon, nor was any evidence introduced, to show any right he had as the assignee or holder of said note.

4. Because there is a variance between the note and the description thereof, in the declaration.

For the plaintiff in error, Grimes & Browning.

For the defendant, Rorer & Starr.

6

By the Court, Mason, Chief Justice.—This action was brought upon the following instrument. " Due John Millard or bearer, one hundred dollars, the first day of June next, for value received. Louisa County, W. T., Dec. 29, 1837, " and signed by the plaintiff in error.— It was never endorsed, but came by delivery into the possession of Gordon, who brought suit on the same, in the District Court, and obtained a judgment, which there is now an effort to reverse.

The declaration sets out that the note was " *duly assigned and delivered* " to the plaintiff below, and the counsel for the plaintiff in error, insist that a *written* assignment or endorsement, was thereby meant, and that consequently there is a variance between the note and the description in the declaration. We think this position is untenable.— Notes made payable to *bearer*, are transferable by mere delivery, and vest in the holder, the right to bring suit in his own name. Such a transfer is a parol assignment. The holder divests himself of the property in the note, and transfers it all to the assignee. Possession is *prima facie* evidence of property, Gordon, therefore, being the holder of the note, it was to be presumed he was the owner thereof; and that it had been duly transferred to him. Had the declaration set forth the note as having been *endorsed,* an endorsement in writing must have been shown ; but although *endorsement* is a species of *assignment,* the latter is much more comprehensive than the former, and in instruments of this kind, may be duly made by parol.

But it is contended, that as this action was commenced since the new statute took effect, it must be controlled by that statute. In some respects, this would certainly be the case. But the assignment or transfer must be presumed to have taken place before this act went into operation, and if made in accordance with the law, as it then existed, might certainly have been properly described as having been " *duly assigned over and delivered.* "

Agreeably to the decision of *Harlan & Duncan vs. Sigler,* made at this term of the court, the legislature was competent to have passed an act that should so far operate upon a pre-existing note, as to prescribe the form and manner, in which the suit thereon should be instituted, and to render it necessary for Gordon to have sued in the name of Millard ; but did they exercise their power in this particular ?

It may very plausibly be questioned, whether the act of the Iowa legislature, in relation to promissory notes, is intended to apply at all to negotiable paper, inasmuch as no mention is therein made of notes made payable to "*order,* " or to " *bearer.*" It speaks of notes " payable to

any person, " &c., and declares them assignable by endorsement; and it may with much propriety be argued, that this branch of the statute in particular, was only intended to extend the law in relation to negotiable paper, so that it should embrace other instruments not before negotiable. If this position be correct, the objection we have been considering, vanishes at once, for in that case, the former law on the subject remains unrepealed.

But whether the act of Michigan on this subject be still in force or not, can, we think, make no difference in the decision of this case. We hold that in the absence of all legislation, notes of this kind would be transferable by delivery, giving the holder the right to sue in his own name, inasmuch as he is possessed of the legal interest. This right is in strict accordance with the precise terms of the instrument itself, and no principle of law recognized at the present day, prevents the carrying this agreement strictly into effect. Formerly, there was a great aversion to the assignability of a *chose in action*, but experience has so conclusively demonstrated the utility of deviating from the strict rules established on this subject, that even where the legislature has not interfered, the decisions of a former period have, to a very considerable extent, been overturned or evaded. At the present day no statute would be necessary to render a note negotiable which the maker himself had expressly declared should be payable to *order* or to *bearer*. To change this state of things, an express legal enactment is necessary.

The Iowa statute makes no such provision. It is an enlarging, not a restraining statute. It renders a note negotiable where no such agreement was made by the parties thereto, and even where there might have been an expressly contrary intention and understanding, but it does not limit the rights, which assignees possessed, independent of that statute.

The judgment below will therefore be affirmed.